Scott M. Petersen, #7599
FABIAN VANCOTT
215 South State Street, Ste. 1200
Salt Lake City, Utah 84151
Telephone: (801) 531-8900
spetersen@fabianvancott.com
*Attorney for Defendants*

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| RICHARD T. B., AMY B., and T. SEBASTIAN B.<br><br>Plaintiffs,<br><br>-against-<br><br>UNITED HEALTHCARE INSURANCE COMPANY and UNITED BEHAVIORAL HEALTH,<br><br>Defendants. | **DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER VENUE TO THE WESTERN DISTRICT OF PENNSYLVANIA**<br><br>Civil No.: 2:18-cv-00073 JNP<br><br>Judge Jill N. Parrish |

## **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................................... II

MOTION .................................................................................................................................. 1

FACTUAL BACKGROUND ................................................................................................... 2

PROCEDURAL HISTORY ...................................................................................................... 4

ARGUMENT ............................................................................................................................ 4

    POINT I THIS ACTION SHOULD BE DISMISSED, OR, IN THE ALTERNATIVE, TRANSFERRED TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA, BECAUSE THE CONNECTIONS TO THE STATE OF UTAH AND THIS DISTRICT ARE INSUFFICIENT ............................................................. 4

        A.    Plaintiffs' ERISA Action Was Not Properly Brought In This District And Should Be Dismissed Due To Improper Venue. .............................................................. 4

        B.    In The Alternative To Dismissal, This Case Should Be Transferred To The Western District Of Pennsylvania ....................................................................... 7

CONCLUSION ....................................................................................................................... 10

## **TABLE OF AUTHORITIES**

Page

### **Cases**

*Chrysler Credit Corp. v. Country Chrysler, Inc.*,
   928 F.2d 1509 (10th Cir. 1991) ............................................................................... 7, 8

*Danny P. v. Catholic Health Initiatives*,
   No. 1:14-cv-00022-DN, 2015 U.S. Dist. LEXIS 4613 (D. Utah Jan. 13, 2015) ........................ 9

*IHC Health Servs. v. Eskaton Props.*,
   No. 2:16-cv-3-DN, 2016 U.S. Dist. LEXIS 124848 (D. Utah Sept. 13, 2016) .................. 5, 6, 8

*Island View Residential Treatment v. Permanente*,
   No. 1:09-cv-3, 2009 U.S. Dist. LEXIS 74400 (D. Utah Aug. 21, 2009).................................... 8

*Jon N. v. Blue Cross Blue Shield of Mass., Inc.,*
    No. 1:07-cv-137-DAK, 2008 U.S. Dist. LEXIS 35464 (D. Utah Apr. 29, 2008) ............. 5, 6, 8

*Pierce v. Shorty Small's of Branson,*
   137 F.3d 1190 (10th Cir. 1998) .................................................................................................. 4

*Todd R. v. Premera Blue Cross Blue Shield,*
   2:17-cv-01041-JLR, 2017 U.S. Dist. LEXIS 107309 (D. Utah July 7, 2017)............................ 5

### **Statutes**

28 U.S.C. §1404(a) ......................................................................................................... 1, 2, 6

28 U.S.C. §1406(a) ................................................................................................................ 4

Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001 *et seq.* ("ERISA") ........... 1

ERISA §502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B) .................................................................. 3, 4, 7

ERISA §502(e)(2), 29 U.S.C. §1132(e)(2) ...................................................................... 2, 4, 5, 7

### **Rules**

FED. R. CIV. P., 12(b)(6).................................................................................................... 1, 2

FED. R. CIV. P., Rules 12(b)(3).................................................................................... 1, 2, 4, 6

## **MOTION**

Defendants UnitedHealthcare Insurance Company ("United"), sued herein as United Healthcare Insurance Company, and United Behavioral Health ("UBH") (together, "Defendants"), respectfully submit this Motion, pursuant to Rules 12(b)(3) and 12(b)(6), FED. R. CIV. P., for an order dismissing Richard T. B., Amy B. and T. Sebastian B. (together, "Plaintiffs") Complaint (the "Complaint") (Doc. No. 2) on the grounds of improper venue and failure to state a claim upon which relief can be granted, or, in the alternative, for an order transferring the venue of this action to the United States District Court for the Western District of Pennsylvania pursuant to 28 U.S.C. §1404(a).

In this action, Plaintiffs seek an award of benefits under an employee welfare benefit plan (the "Plan") governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001 *et seq.* ("ERISA"). Specifically, Plaintiffs allege that Defendants wrongfully denied Plaintiffs' claim for benefits under the Plan in connection with T. Sebastian B.'s treatment at an outdoor wilderness program from October 15, 2014 through December 7, 2014 and at a residential treatment facility from February 1, 2015 through May 8, 2016.

As more fully discussed below, this action does not belong in this District and should be either dismissed or transferred to the United States District Court for the Western District of Pennsylvania. Courts in this District have routinely granted motions to transfer under facts similar to those raised in this case. Beyond the limited treatment allegedly rendered to plaintiff T. Sebastian B., the only connections to Utah are Plaintiffs' counsel's office location in Salt Lake City and Plaintiffs' allegation that their claims for benefits "were processed through the UBH Salt Lake City, Utah facility." By contrast, none of the parties reside in Utah. By their own admission, Plaintiffs are residents of Pennsylvania. Similarly, Defendant United is a resident of Connecticut, and Defendant UBH is a resident of California. The Plan is located and

administered in Pennsylvania, the Plan was delivered in Pennsylvania, and further provides that it is governed by Pennsylvania laws. Pursuant to ERISA's express venue provision, Plaintiffs were required to bring this action "in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found . . . ." ERISA §502(e)(2), 29 U.S.C. §1132(e)(2). Since the District of Utah is not one of the enumerated districts for placement of venue under ERISA based on the relevant facts alleged in Plaintiffs' Complaint, this action is not properly venued in this District.

Accordingly, pursuant to Rules 12(b)(3) and 12(b)(6), FED. R. CIV. P., this Court should dismiss this action based on improper venue and failure to state a claim upon which relief can be granted. In the alternative, pursuant to 28 U.S.C. §1404(a), this Court should order that the venue of this matter be transferred to the Western District of Pennsylvania, where Plaintiffs should have originally commenced this case.

## FACTUAL BACKGROUND

Plaintiffs allege in their Complaint that they are residents of Pennsylvania. (Compl., ¶1.) At all relevant times, Plaintiff Richard T. B. was a participant in the Plan and Plaintiffs' son T. Sebastian B. was a beneficiary of the Plan. (*Id.*, ¶¶2-3.) Plaintiffs admit that the Plan is an employee welfare benefit plan governed by ERISA. (*Id.*, ¶3.) The Plan is located in Pennsylvania and benefits under the Plan are received in Pennsylvania. (Declaration of Jamie Ciletti dated April 26, 2018 ("Ciletti Decl."), Ex. A at Baron_AR_000151-52, Ex. B at Baron_AR_000319-20, Ex. C at Baron_AR_000491-92; *see also* Compl at ¶1.) Benefits under the Plan were insured by a group policy of insurance issued by United to big Burrito Restaurant

Group[1] (the "Policy").  (Ciletti Decl., Ex. A at Baron_AR_000165, Ex. B at Baron_AR_000333, Ex. C at Baron_AR_000337.)  The Policy provides that it was delivered in Pennsylvania, and that Pennsylvania law governs the Policy.  (Ciletti Decl., Ex. A at Baron_AR_000165, Ex. B at Baron_AR_000333, Ex. C at Baron_AR_000337.)

United is an insurance company located in Connecticut and a corporation organized under the laws of the State of Connecticut.  Declaration of Scott M. Petersen dated April 26, 2018 ("Petersen Decl."), Ex. A.)  Claims for mental health benefits under the Policy are administered by Defendant UBH, which is a corporation organized under the laws of the State of California.  (Compl., ¶4; Petersen Decl., Ex. B.)

Plaintiffs allege that their son T. Sebastian B. "received medical care and treatment in Utah at Elements Wilderness Program ('Elements') an accredited outdoor behavioral program." (Compl., ¶6.)  As alleged in the Complaint, T. Sebastian B. was admitted to Elements on October 15, 2014.  (*Id.*, at ¶10.)  Plaintiffs allege that Defendants received claims for benefits under the Plan in connection with T. Sebastian B.'s treatment at Elements from October 15, 2014 through December 7, 2014. (*Id.*, at ¶¶10, 11, 15.)  Defendants denied Plaintiffs' claims for benefits as untimely.  (*Id.*, at ¶12.)  Plaintiffs further allege that Amy B. filed an appeal which appeal was not considered as UBH had no authorization on file permitting Amy B. to submit an appeal on T. Sebastian B.'s behalf.  (*Id.*, at ¶21.)

In addition to treatment at Elements, Plaintiffs allege that T. Sebastian B. "received medical care and treatment in Utah at . . . Crossroads Residential Treatment Center ('Crossroads') a licensed residential treatment facility."  (Compl., ¶6.)  As alleged in the

---

[1] The Certificate of Coverage effective January 1, 2016 notes that the employer's name, which is both Plan Sponsor and Administrator, is "Whole Enchilada, Inc. d/b/a Big Burrito Restaurant Group."

3

Complaint, T. Sebastian B. submitted claims for benefits under the Plan in connection with T. Sebastian B.'s treatment at Crossroads from February 1, 2015 through May 8, 2016. (*Id.*, ¶24.)

Following exhaustion of the available internal administrative appeals, Plaintiffs brought this action pursuant to ERISA §502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B), seeking an order awarding them benefits under the Plan, as well as prejudgment interest, attorneys' fees and costs. (*Id.*, pp. 9-10.)

## PROCEDURAL HISTORY

Plaintiffs commenced this action by filing their Complaint on January 22, 2018. (Doc. No. 2.) Thereafter, Plaintiffs' counsel sent to Defendants' counsel a Request for a Waiver of the Service of Summons, which Defendants' counsel signed and returned to Plaintiffs' counsel on February 1, 2018. On March 26, 2018, the Parties submitted a stipulated motion to extend time to "move, answer, or otherwise respond to Plaintiffs' Complaint." (Doc. No. 3.) By Order dated March 26, 2018, Magistrate Judge Furse granted the parties' stipulated motion, extending the deadline to move, answer, or otherwise respond to Thursday, April 26, 2018. (Doc. No. 4.) Defendants have timely filed and served this Motion by the date established by Magistrate Furse's Order.

## ARGUMENT

### POINT I
### THIS ACTION SHOULD BE DISMISSED, OR, IN THE ALTERNATIVE, TRANSFERRED TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA, BECAUSE THE CONNECTIONS TO THE STATE OF UTAH AND THIS DISTRICT ARE INSUFFICIENT

**A.   Plaintiffs' ERISA Action Was Not Properly Brought In This District And Should Be Dismissed Due To Improper Venue.**

28 U.S.C. §1406(a) provides that the "district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss or if it be in the interest of justice,

4

transfer such a case to any district or division in which it could have been brought." A defendant may raise a defense of improper venue by a motion to dismiss pursuant to Rule 12(b)(3), FED. R. CIV. P. On a motion to dismiss under Rule 12(b)(3), the plaintiff bears the burden of proving that venue in this district is proper. *See Pierce v. Shorty Small's of Branson,* 137 F.3d 1190, 1192 (10th Cir. 1998).

Here, pursuant to ERISA's venue provision, ERISA §502(e)(2), 29 U.S.C. §1132(e)(2), Plaintiffs were required to comply with ERISA's venue provision, which limits where a claimant can file an action seeking benefits under ERISA §502. Specifically, ERISA §502(e)(2), 29 U.S.C. §1132(e)(2) provides that an action seeking benefits "may be brought in the district where the plan is administered, where the breach took place, or where the defendant resides or may be found."

Here, Plaintiffs cannot establish that they properly brought this ERISA action in this District under ERISA §502(e)(2), 29 U.S.C. §1132(e)(2). First, as a matter of law, a Plan is administered in the district where it is "managed." *IHC Health Servs. v. Eskaton Props.*, No. 2:16-cv-3-DN, 2016 U.S. Dist. LEXIS 124848, *10 (D. Utah Sept. 13, 2016); *see also Todd R. v. Premera Blue Cross Blue Shield,* 2:17-cv-01041-JLR, 2017 U.S. Dist. LEXIS 107309 (D. Utah July 7, 2017) (holding that the plan is administered in the state of Washington, where the plan administrator is headquartered and incorporated). In this case, the Plan plainly provides that big Burrito Restaurant Group is the Plan Administrator, and that the Administrator is located in Pittsburgh, Pennsylvania. (Ciletti Decl., Ex. A at Baron_AR_000151, Ex. B at Baron_AR_000319, Ex. C at Baron_AR_000491.) United, is a resident of Connecticut (Petersen Decl., Ex. A), and benefits under the Plan were insured by a group policy of insurance issued by United (Ciletti Decl., Ex. A at Baron_AR_000151, Ex. B at Baron_AR_000319, Ex. C at

Baron_AR_000491). Accordingly, at all relevant times, the Plan was administered in Pennsylvania and insured by a company located in Connecticut, and Plaintiffs' allegation that venue is appropriate in Utah because "UBH has a claim processing center in Utah and [T. Sebastian B.'s] treatment was provided in Utah" (Compl., ¶8) is insufficient to meet their burden of proving that venue in this district is proper.

Second, it is well-established in this Circuit that "the breach occurs at the place where the policy holder resides and would have received benefits." *Jon N. v. Blue Cross Blue Shield of Mass., Inc.,* No. 1:07-cv-137-DAK, 2008 U.S. Dist. LEXIS 35464, *8 (D. Utah Apr. 29, 2008); *see also IHC Health Servs.,* *10 ("[t]he place is the location where the payment is to be made, even though the services may have been provided at an out-of-state location") (internal citation and quotation marks omitted). Here, Plaintiff Richard T. B., who is the policy holder, is a resident of Pennsylvania. (Compl., ¶1.) Therefore, Plaintiff Richard T. B. would have received the benefits at issue in Pennsylvania, and the alleged breach certainly not did not occur in Utah.

Third, in order to be "found" in a district, the Defendants must have "sufficient contacts" with Utah such that the District of Utah's exercise of jurisdiction over the Defendants in this case comports with due process. *See IHC Health Servs.*, 2016 U.S. Dist. LEXIS 124848, **12-18. Here, the District of Utah's exercise of jurisdiction over the Defendants does not comport with due process because there has been no purposeful activity in this District with respect to the Plan's administration. Other than generally alleging that "UBH has a claim processing center in Utah," (Compl., ¶8), Plaintiffs have not alleged that any benefit payments in connection with the Plan were sent to this District, that any contributions to the Plan were sent from this District, or that the Plan was administered in this District. In addition, Plaintiffs do not allege that they or their son were ever residents of Utah. Based on those facts, it would be fundamentally unfair to

proceed with this action in this District. *See, e.g.*, *Jon N.,* 2008 U.S. Dist. LEXIS 35464, *9 ("It is fundamentally unfair to proceed with the case in Utah when there are no ties to this state . . . While ERISA may allow for national service of process, that was not intended to provide a vehicle for all plaintiffs nationwide to bring their claims in any district they deem most favorable").

Accordingly, there is no valid basis to establish that venue is proper here and the Court should therefore dismiss this action pursuant to Rule 12(b)(3), FED. R. CIV. P.

**B.     In The Alternative To Dismissal, This Case Should Be Transferred To The Western District Of Pennsylvania**

To the extent this Court determines that dismissal is not appropriate in this instance, it is respectfully requested that, in the interest of justice, this action be transferred to the United States District Court for the Western District of Pennsylvania, where this action should have originally been brought. As noted in Point I(B), *supra*, 28 U.S.C. §1404(a) provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." A party moving to transfer a case bears the burden of showing that Section 1404(a)'s standards have been met. *See Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515-16 (10th Cir. 1991).

      i.     This Action Could Have, And Should Have, Been Brought In The Western District of Pennsylvania

As discussed in detail above, an action seeking benefits under ERISA §502(a) may be brought "in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found." ERISA §502(e)(2); 29 U.S.C. §1132(e)(2). As noted above, Plaintiff Richard T. B.'s employer, the Plan Sponsor and Administrator, is located in Pennsylvania. Accordingly, Plaintiffs could have (and should have) brought this action in the

7

Western District of Pennsylvania, which jurisdiction represents the greatest number of contacts. Pennsylvania is where Plaintiffs reside, where the Policy was delivered, where any alleged breach occurred, and where any benefits under the Plan and Policy would have been received. Because Plaintiffs could have brought this action in the United States District Court for the Western District of Pennsylvania, this Court must also determine whether, in the interest of justice, it is the more appropriate venue given the specific circumstances of this case.

    ii.    In The Interest of Justice, This Court Should Transfer This Case To The Western District Of Pennsylvania

Various courts in this District have examined whether to grant venue under similar circumstances – *i.e.,* that a defendant has met its burden that transfer is appropriate pursuant to 28 U.S.C. 1404 even where medical treatment was allegedly rendered within the State. In deciding whether a case should be transferred to another venue in the interest of justice, courts in this Circuit generally consider the following factors:

> [T]he plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; [and] the advantage of having a local court determine questions of local law.

*Chrysler Credit Corp.,* 928 F.2d at 1516.

Here, all of the foregoing factors weigh in favor of the transfer of this action to the United States District Court for the Western District of Pennsylvania. As an initial matter, Plaintiffs' choice of forum is not entitled deference as a matter of law because this forum has no connection to the operative facts of the lawsuit. *See IHC Health Servs*., 2016 U.S. Dist. LEXIS 124848, *21 ("the plaintiff's choice of forum has less force if the forum has little connection with the

8

operative facts of the lawsuit") (internal citation and quotation marks omitted). Here, this forum is not Plaintiffs' home district. (*See* Compl.,¶1.) And, as discussed in Point I(A), *supra*, the majority of operative facts have no connection to this District. Accordingly, this Court should not give Plaintiffs' choice of forum any deference.

In addition, factors such as "the accessibility of witnesses and other sources of proof" and "the cost of making the necessary proof" do not weigh in favor of keeping this action venued in this District because, as the Plan is not administered and has no connection to Utah, any relevant documents and witnesses are not located in Utah. *See Island View Residential Treatment v. Permanente*, No. 1:09-cv-3, 2009 U.S. Dist. LEXIS 74400, *9 (D. Utah Aug. 21, 2009) (granting motion to transfer the case to the Northern District of California where "[t]he relevant documents are not located in Utah and witnesses, if any discovery is to be conducted, are not in Utah"). Moreover, although medical treatment was allegedly rendered within the State, this treatment does not raise considerations of convenience of witnesses or documents in an ERISA case such as this. As noted by the court in *Jon N.*, "the convenience of the witnesses is not a factor in this case because it is an ERISA case that will be decided without the need for discovery." 2008 U.S. Dist. LEXIS 35464, *9.[2]

In addition, factors such as "questions as to the enforceability of a judgment if one is obtained, relative advantages and obstacles to a fair trial, [and] difficulties that may arise from congested dockets" also do not lend support to keeping this action venued in this District. A judgment against the Defendants would not be more easily enforceable in Utah, a state in with which Defendants have no contacts. Also, Defendants respectfully submit that having this action

---

[2] While Plaintiffs' counsel's offices are located in Salt Lake City, Utah, convenience of counsel is not considered "to be a relevant factor" for purposes of a motion to transfer venue. *Danny P. v. Catholic Health Initiatives*, No. 1:14-cv-00022-DN, 2015 U.S. Dist. LEXIS 4613, *10 (D. Utah Jan. 13, 2015).

9

venued in the Western District of Pennsylvania would not provide Plaintiffs with any obstacles to a fair and efficacious trial in an ERISA case such as this one.

Finally, factors such as "the possibility of the existence of questions arising in the area of conflict of laws" and "the advantage of having a local court determine questions of local law," to the extent applicable, weigh strongly in favor of transferring this action to the United States District Court for the Western District of Pennsylvania, as the Plan specifies that "[t]o the extent that state law applies, the laws of the Commonwealth of Pennsylvania are the laws that govern the Policy." (Ciletti Decl., Ex. A at Baron_AR_000165, Ex. B at Baron_AR_000333, Ex. C at Baron_AR_000337.)

## CONCLUSION

For the foregoing reasons, Defendants respectfully submit that this Court should grant Defendants' motion to dismiss Plaintiffs' Complaint for failure to state of a claim or on the grounds of improper venue or, in the alternative, transfer venue of this case to the United States District Court for the Western District of Pennsylvania.

Dated: April 26, 2018

                                               /s/ Scott M. Petersen
                                               Scott M. Petersen
                                               FABIAN VANCOTT

                                               *Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify on this 26th day of April, 2018, that I caused a true and correct copy of the foregoing document to be served via the Court's electronic filing system on the following:

>Brian S. King
>Nediha Hadzikadunic
>BRIAN S. KING, P.C.
>336 South 300 East, Suite 200
>Salt Lake City, Utah 84111
>brian@briansking.com
>nediha@brinasking.com

                                            ___/s/ Scott M. Petersen_____