IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| RICHARD T.B., AMY B., and T. SEBASTIAN B., <br><br>                    Plaintiffs, <br><br>v. <br><br>UNITED HEALTHCARE INSURANCE COMPANY and UNITED BEHAVIORAL HEALTH, <br><br>                    Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER VENUE** <br><br>Case No. 2:18-cv-73 <br><br>District Judge Jill N. Parrish |

This matter comes before the court on Defendants' Motion to Dismiss or, in the Alternative, to Transfer Venue filed on April 26, 2018. (ECF No. 14). Plaintiffs filed an opposition on May 24, 2018, (ECF No. 20), to which defendants replied on June 7, 2018, (ECF No. 22). Plaintiffs also filed a notice of supplemental authority. (ECF No. 21).

## I.     BACKGROUND

Richard T.B., Amy B., and T. Sebastian B., residents of Pennsylvania, are beneficiaries of a fully-insured group health benefit plan (the "Plan") governed by the Employee Retirement Income Security Act of 1974 ("ERISA"). The Plan—sponsored by Richard T.B.'s employer—is located and administered in Pennsylvania, its group policy delivered in Pennsylvania, and its benefits received in Pennsylvania. (ECF No. 20 at 2). Defendant United Healthcare Insurance Company ("UHC"), an insurance company incorporated in Connecticut, is the issuer of the Plan's group policy. Defendant United Behavioral Health ("UBH"), a distinct entity incorporated in California, is tasked with processing mental health claims submitted under the Plan's group policy.

T. Sebastian B., the son of Richard T.B. and Amy B., received mental health treatment from two Utah providers during the period of October of 2014 to May of 2016—first at a wilderness treatment program followed by a lengthy stay in a residential facility. UHC denied all claims submitted in connection with this care, and despite numerous appeals, the initial determinations were sustained. Having exhausted the Plan's mandatory appeals, plaintiffs filed this lawsuit on January 22, 2018, seeking recovery of benefits due under 29 U.S.C. § 1132(a)(1)(B). (ECF No. 2).

Defendants seek dismissal of the action under Rule 12(b)(3) of the Federal Rules of Civil Procedure, arguing that venue in this district is improper. Alternatively, defendants request a venue transfer under 28 U.S.C. § 1404(a). For the reasons below, defendants' motion to dismiss for improper venue is denied, but the case will be transferred to the district court for the Western District of Pennsylvania.

## II. ANALYSIS

### A. VENUE IS PROPER IN THE DISTRICT OF UTAH

Under 29 U.S.C. § 1132(e)(2), an ERISA action "may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found[.]" The parties agree that the plan is administered and was breached, if at all, in Pennsylvania. Plaintiffs argue, however, that venue is proper in the District of Utah because defendants "reside" in this district.

The Tenth Circuit holds that under § 1132(e)(2), "a corporation resides wherever personal jurisdiction is proper." *Peay v. BellSouth Med. Assistance Plan*, 205 F.3d 1206, 1210 n.3 (10th Cir. 2000). Thus, to determine whether venue is proper, the court must analyze whether it may properly exercise personal jurisdiction over the defendant corporations despite the fact that they have raised no challenge to the propriety of personal jurisdiction.

2

When, as with ERISA, a federal statute "provides for nationwide service of process, it becomes the statutory basis for personal jurisdiction." *Id.* at 1210 (quoting *Republic of Panama v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 942 (11th Cir. 1997)). "'[I]n a federal question case where jurisdiction is invoked based on nationwide service of process[,]'" courts apply a different jurisdictional standard than the familiar minimum contacts analysis. *Klein v. Cornelius*, 786 F.3d 1310, 1318 (10th Cir. 2015) (quoting *Peay*, 205 F.3d at 1212). The relevant standard in this context, emanating from the Fifth Amendment's Due Process Clause, "requires the plaintiff's choice of forum to be fair and reasonable to the defendant." *Peay*, 205 F.3d at 1212. "In other words, the Fifth Amendment protects individual litigants against the burdens of litigation in an unduly inconvenient forum." *Id.* (internal quotation marks omitted).

"To establish that jurisdiction does not comport with Fifth Amendment due process principles, a defendant must first demonstrate that his liberty interests actually have been infringed." *Id.* (internal quotation marks omitted). "The burden is on the defendant to show that the exercise of jurisdiction in the chosen forum will make litigation so gravely difficult and inconvenient that he unfairly is at a severe disadvantage in comparison to his opponent." *Id.* (internal brackets and quotation marks omitted).

Importantly, in this context, the Tenth Circuit instructs that "in this age of instant communication and modern transportation, the burdens of litigating in a distant forum have lessened" such "that it is only in highly unusual cases that inconvenience will rise to a level of constitutional concern." *Id.* (internal brackets, citations, and quotation marks omitted).

Applying "the broad standard" announced by the Tenth Circuit, defendants have not adequately shown that this forum is so unfair or unreasonable as to amount to a deprivation of their liberty interests. *See id.* at 1213. It is undisputed that UBH has a claims-processing center in

this district through which at least some of the claim submissions—or subsequent appeals—in this case were processed, and defendants have not set forth any facts to suggest that their liberty interests will be infringed by litigating in this forum. Thus, the inconvenience defendants articulate does not rise to a level of constitutional concern, and their arguments about the propriety of this forum are better directed to their request for a venue transfer, which the court addresses below.

B. **THE WESTERN DISTRICT OF PENNSYLVANIA IS A MORE CONVENIENT FORUM**

Defendants alternatively request that this action be transferred to the district court for the Western District of Pennsylvania because "Plaintiffs and the Plan reside in Pennsylvania, Pennsylvania law applies, Plan benefits were received in Pennsylvania, the Plan is administered in Pennsylvania, and any alleged breach of Plan terms . . . occurred in Pennsylvania." (ECF No. 22 at 11).

Under 28 U.S.C. § 1404(a), "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."[1] "The party moving to transfer a case pursuant to § 1404(a) bears the burden of establishing that the existing forum is inconvenient." *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991). A district court analyzing whether a movant has met that burden should consider:

> the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of

---

[1] It is undisputed that the Western District of Pennsylvania, as the "district where the plan is administered [and] where the breach took place[,]" is a proper venue. § 1132(e)(2).

4

> having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Id.* at 1516.

### 1. Plaintiffs' Choice of Forum

"Unless the balance is strongly in favor of the movant, the plaintiff's choice of forum should rarely be disturbed." *Emp'rs. Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1167 (10th Cir. 2010) (citation and internal brackets omitted). "The plaintiff's choice of forum receives less deference, however, if the plaintiff does not reside in the district." *Id.* "Courts also accord little weight to a plaintiff's choice of forum where the facts giving rise to the lawsuit have no material relation or significant connection to the plaintiff's chosen forum." *Id.* (internal quotation marks omitted).

Here, the plaintiffs reside in the Western District of Pennsylvania, and though T. Sebastian B. received medical treatment in this district, the actual facts that give rise to a claim under § 1132(a)(1)(B) are not the facts of treatment. Rather, a claim for benefits due asks a court to review an administrator's denial of benefits—and disposition of any subsequent appeals—on the basis of the information the administrator was provided alongside the relevant terms of the plan document. *See Weber v. GE Gr. Life Assur. Co.*, 541 F.3d 1002, 1011 (10th Cir. 2008) ("[T]he federal courts are limited to the administrative record—the materials compiled by the administrator in the course of making his decision."). On the basis of the complaint, those events did not take place in this district.[2]

---

[2] Plaintiffs' opposition suggests that UBH's claim processing facility in Utah formed an operative part of the facts giving rise to this lawsuit. But the complaint alleges only a single interaction with UBH—a letter from UBH to T. Sebastian B. indicating that he had not authorized his mother to appeal on his behalf. The remaining communication, according to the complaint, took place between plaintiffs and UHC.

5

Plaintiffs' avowed interest in this forum is "maximiz[ing] the likelihood that the sensitive nature of the mental health treatment provided for [T. Sebastian B.] will not become publicly known" based on a belief that "the likelihood of maintaining their privacy is increased by bringing their claim in Utah." (ECF No. 2). As an initial matter, the court is skeptical of this explanation given that plaintiffs' counsel has declined to use only "the minor's initials" as permitted by Rule 5.2(a)(3) of the Federal Rules of Civil Procedure, and has not requested to file anything under seal. Moreover, given that there can be no more than one recovery of benefits alleged to have been improperly withheld, the court perceives no reason to include the patient-beneficiary's parents as plaintiffs in this suit, thereby increasing the likelihood that the family's privacy will be destroyed. But assuming this is a genuine concern, initiating suit in a far-flung forum is not the appropriate procedure for protecting legitimate interests in privacy; those interests can be adequately preserved by redactions, use of initials, and, if necessary, filings under seal.

Thus, because plaintiffs do not reside in this district and because the facts giving rise to this lawsuit have no material relation or significant connection to this district, the court assigns little weight to plaintiffs' choice of forum.

### 2. Accessibility of Witnesses and Other Sources of Proof and the Cost of Making Such Proof

In the ERISA context, the transfer-of-venue factors analyzing the relative ease and cost of putting on one's case are not likely to weigh in either direction. Indeed, the parties agree that their dispute will be resolved by motion on the basis of an administrative record—accompanied,

perhaps, by affidavits—without any discovery or in-person testimony. Thus, these factors are neutral.[3]

### 3. Relative Docket Congestion

"When evaluating the administrative difficulties of court congestion, the most relevant statistics are the median time from filing to disposition, median time from filing to trial, pending cases per judge, and average weighted filings per judge." *Emp'rs. Mut. Cas. Co.*, 618 F.3d at 1169. A comparison of the District of Utah and the Western District of Pennsylvania along each metric[4] reveals that the docket in this district is substantially more congested than that of the Western District of Pennsylvania. The average number of pending cases per judge in Utah is 464, as opposed to 292 in the Western District of Pennsylvania. The average number of weighted filings per judge in Utah is 484, as opposed to 304 in the Western District of Pennsylvania. In Utah, the median time from filing to trial in civil cases is 49.5 months, as opposed to 32.6 months in the Western District of Pennsylvania. And the median time from filing to disposition of civil matters in Utah is 9.5 months, as opposed to 5.8 months in the Western District of Pennsylvania.

This case is likely to be resolved on its merits more quickly in the Western District of Pennsylvania. Accordingly, this factor weighs in favor of transfer.

---

[3] This streamlined ERISA posture additionally allows plaintiffs to continue retaining their current counsel, should they elect, given that there will be few, if any, in-person hearings for this matter.

[4] Statistics obtained from the Combined Civil and Criminal Federal Court Management Statistics. UNITED STATES DISTRICT COURTS, NATIONAL JUDICIAL CASELOAD PROFILE, (12-month period ending September 30, 2018), https://www.uscourts.gov/statistics/table/na/federal-court-management-statistics/2018/09/30-1.

### 4. The Advantage of Having a Local Court Determine Questions of Local Law

The parties offer differing accounts of the likelihood that a question of local law will be implicated in this dispute. Plaintiffs correctly argue that ERISA is a powerfully preemptive statutory scheme. Defendants submit that to the extent state law applies, the Plan requires the application of Pennsylvania law. At this preliminary stage, it is impossible to tell whether this dispute will spill outside of ERISA's reach. However, to the extent that it does, Pennsylvania, not Utah law, will apply. Thus, this factor weighs in favor of transfer.

Having carefully weighed the transfer-of-venue factors relevant to this dispute,[5] the court finds that the Western District of Pennsylvania is a more convenient forum. Accordingly, in the interest of justice, this action will be transferred to that forum.

### III. ORDER

For the reasons articulated, defendants' motion (ECF No. 14) is **GRANTED IN PART AND DENIED IN PART.** Specifically,

1. Defendants' Motion to Dismiss is **DENIED.**

2. Defendants' Motion to Transfer Venue is **GRANTED.**

3. It is **ORDERED** that this action be transferred to the United State District Court for the Western District of Pennsylvania.

Signed January 9, 2019

BY THE COURT

---

[5] The parties do not argue, and the court cannot discern, that either district obtains a clear edge regarding "questions as to the enforceability of a judgment if one is obtained" or the "relative advantages and obstacles to a fair trial[.]" *Chrysler Credit Corp.*, 928 F.2d at 1516.

_____
Jill N. Parrish
United States District Court Judge